IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY ALLEN, :
    Plaintiff :
: No. 1:17-cv-00996
   v. :
: (Judge Rambo)
J.A. ECKARD, et al., :
    Defendants :

## MEMORANDUM

Before the Court is the Commonwealth Defendants' motion for judgment on the pleadings (Doc. No. 20), and Plaintiff Anthony Allen's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3) (Doc. No. 38). For the reasons that follow, the Court will grant in part and deny in part the Commonwealth Defendants' motion and deem Plaintiff's motion withdrawn.

**I.   BACKGROUND**

Plaintiff, an inmate currently confined at the State Correctional Institution – Pine Grove, Indiana, Pennsylvania ("SCI-Pine Grove"), filed this civil action pursuant to 42 U.S.C. § 1983 on June 8, 2017. (Doc. No. 1.) On October 2, 2017, the Commonwealth Defendants filed an answer to the complaint and affirmative defenses. (Doc. No. 19.) Appended to their answer are numerous documents including an inmate handbook, employee incident reports, medical incident/injury reports, and misconduct documents. (Doc. No. 19-1 – 4.)

1

On October 16, 2017, the Commonwealth Defendants filed a motion for judgment on the pleadings. (Doc. No. 20.) Plaintiff filed a brief in opposition on December 22, 2017, attaching declarations and grievances to his brief. (Doc. No. 24.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), once the pleadings are closed, but within such time as to not delay trial, a party may move for judgment on the pleadings. The standard of review is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). The only difference is that, on a motion for judgment on the pleadings, the court reviews not only the complaint, but also the answer and written instruments attached to the pleadings. Iseley v. Talaber, No. 5-cv-444, 2008 WL 906508, at *2 (M.D. Pa. Mar. 31, 2008) (citing 2 James Wm. Moore et al., Moore's Federal Practice-Civil § 12.38. The court should consider the allegations in the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if Plaintiff's claims are based on such documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 889 F.2d 1192, 1196-97 (3d Cir. 1993); see also Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir. 2004) (providing that a court may consider (1) exhibits attached to the

complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment). However, because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmonvant's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

As a result of the obligation to view the facts and reasonable inferences in favor of the nonmovant, however, a court should "treat[] any allegations in the answer that contradict the complaint as false." Goodman v. Williams, 287 F. Supp. 2d 160, 161 (D.N.H. 2003); accord Rimmer v. Colt Indus. Operating Corp., 656 F.2d 323, 326 (8th Cir. 1981) (Rule 12(c) review assumes all "well pleaded factual obligations in [Plaintiff's] amended complaint are true, and all contravening assertions in [Defendant's] answer are assumed false"). Judgment on the pleadings is appropriate only when the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Minnesota Lawyers Mut. Ins. Co. v. Ahrens, 432 F. App'x 143, 147 (3d Cir. 2011). If matters outside the pleadings are presented to and not excluded by

the court, the motion shall be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56.

## III. DISCUSSION

The Commonwealth Defendants seek judgment on the pleadings. In support, they rely on an inmate handbook, employee incident reports, medical incident/injury reports, and misconduct documents appended to their answer. (Doc. No. 19.) In response to the Commonwealth Defendants' motion, Plaintiff has attached declarations and grievances to his brief in opposition. (Doc. No. 24.) The Court will not consider Plaintiff's attached exhibits to his brief in opposition as they are not part of the pleadings and not necessary in resolving the motion for judgment on the pleadings. Consequently, the Court will not convert the motion for judgment on the pleadings to a motion for summary judgment. The Court will now address the Commonwealth Defendants' arguments in support of their motion.

### A. Plaintiff's Excessive Force Claim

In their motion for judgment on the pleadings, the Commonwealth Defendants attempt to utilize the appended documents to their answer, including the employee incident reports, to controvert Plaintiff's assertions in his complaint. (Doc. No. 21.) This inherently raises issues of material fact, making judgment on the pleadings to this claim inappropriate. Whether an officer has used excessive force requires a determination into "whether force was applied in a good faith

4

effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2009) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  In making this determination, courts are tasked with evaluating five factors set forth in Whitley. See Whitley, 475 U.S. at 321.  At this juncture in the case, the Court will not make a reasonableness determination precluding Plaintiff's claim as a matter of law based upon the pleadings alone.  The procedural mechanism of Rule 12(c) "is simply not intended to resolve the claim as presented herein." Channel v. Smith, Civ. No. 317-060, 2018 WL 1463356, at *2 (S.D. Ga. Mar. 23, 2018).  Accordingly, the Commonwealth Defendants' motion for judgment on the pleadings as to the excessive force claim is denied.

### B. Plaintiff's Failure to Train / Supervise / Protect Claims

With regard to Defendants Eckard and Eberling, Plaintiff alleges that they failed to train and supervise the RHU guards resulting in the guards using excessive force on prisoners, including Plaintiff. (Doc. No. 1 at 5.)  Additionally, Plaintiff alleges that Eckard and Eberling were deliberately indifferent to the substantial risk of harm caused by the prison official on inmate assaults. (Id. at 6.)  While Commonwealth Defendants assert that Plaintiff raises a state-created danger claim (Doc. No. 21 at 12), the Court identifies Plaintiff's claims as a failure to train, failure to supervise, and failure to protect claim pursuant to the Eighth

5

Amendment.[1]  See Beenick v. LeFebvre, No. 14-cv-01562, 2015 WL 2344966, at *7 (M.D. Pa May 14, 2015); Coleman v. Wetzel, No. 15-cv-00847, 2016 WL 8252571 (M.D. Pa. Dec. 16, 2016); Jones v. Luzerne Cty. Corr. Facility, No. 10-cv-0359, 2010 WL 3338835 (M.D. Pa. Aug. 23, 2010).

In order to establish a § 1983 claim for failure to train, "a plaintiff must (1) identify with particularity what the supervisory officials failed to do that demonstrates deliberate indifference and (2) demonstrate a close causal link between the alleged failure and the alleged injury." Daniels v. Delaware, 120 F. Supp. 2d 411, 423 (D. Del. 2000) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). "[T]he inadequacy of . . . training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [inadequately trained subordinates] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "To be liable in this situation, a supervisor must have been involved personally, meaning through

---

[1] However, even if Plaintiff intended to raise a state-created danger claim, the Court finds that this claim would be properly dismissed. In order to establish a state-created danger claim, a plaintiff must allege: (1) the harm ultimately caused to plaintiff was foreseeable and fairly direct; (2) the state-actor acted in willful disregard for plaintiff's safety; (3) there was some relationship between the state and plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed. Phillips v. Cty. of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008).
    Here, the Court finds that the harm to Plaintiff by Sparr and Goughnour was not foreseeable because there are no allegations in the complaint that either Defendant had a known reputation for the use of excessive force or violence, or that Plaintiff specifically warned Defendants Eckard and Eberling that either Sparr or Goughnour had such a reputation and that Plaintiff was in danger. See R.B. Hollibaugh, No. 16-1075, 2017 WL 663735, at *9 (M.D. Pa. Feb. 1, 2017). Because Plaintiff cannot establish the first element of the four required elements, this claim would be dismissed.

personal direction or actual knowledge and acquiescence, in the wrongs alleged." McKenna v. City of Phila., 582 F.3d 447, 460 (3d Cir. 2009) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Furthermore, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011). In the absence of such a pattern, a plaintiff must show that the harm suffered was "*so* predictable that failing to train the [subordinates] amounted to *conscious disregard*" for plaintiff's rights. Id. at 71 (emphasis in original). However, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id. at 62; Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 410 (1997) ("'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.")

Here, the Court finds that Plaintiff has satisfactorily pled facts sufficient to survive the motion for judgment on the pleadings. Plaintiff alleges a failure to train subordinates after having receiving reports from inmates regarding staff assaults. (Doc. No. 1 at 5.) Plaintiff alleges such a failure despite the Department of Corrections' Code of Ethics, DC-ADM 201 "Use of Force" Policy, and Eckard

7

and Eberling's knowledge through inmate communications, grievances, and federal lawsuits of the existence of such assaults. (Id.)

With regard to liability premised upon a failure to supervise, it is settled that "civil rights claims cannot be premised on a theory of respondeat superior," as individual government defendants must have personal involvement in the alleged wrongdoing. Millbrook v. United States, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014). However, a prison official may be personally liable under § 1983 through two theories of supervisory liability: (1) if the official "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm;" or (2) "if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

The Court finds that Plaintiff has adequately alleged that supervisory Defendants Eckard and Eberling knew that their policies and training methods posed an unreasonable risk and that Defendants failed to provide training in accordance with the named policies. (Doc. No. 1 at 5.) Further, Plaintiff has alleged an ongoing pattern of prison official-on-inmate assaults at SCI-Huntingdon, and that Defendants were aware of the same. (Id.)

In short, Plaintiff's complaint identifies the particular failure in training and further alleges the existence of similar violations that Defendants Eckard and Eberling knew of. Accordingly, at this stage, the Court will deny the Commonwealth Defendants' motion for judgment on the pleadings.[2]

Additionally, liberally construing Plaintiff's complaint, the Court also finds that Plaintiff asserts a failure to protect claim against Defendants Eckard and Eberling. (Doc. No. 1 at 5-6; Doc. No. 34 at 8-9.) To plead an Eighth Amendment failure to protect claim, a plaintiff must allege that he endured conditions "posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Additionally, the correctional officer who is alleged to violate the Eighth Amendment must have demonstrated "deliberate indifference." Id. at 835. Prison officials exhibit deliberate indifference when they know of, and disregard, an excessive risk to the inmate's safety. Id. Therefore, negligence, or a lack of due care under the circumstances, is insufficient to support a claim that the defendants failed to protect the prisoner. Davidson v. Cannon, 474 U.S. 344, 347 (1986). An officer has a duty to take reasonable steps to prevent a victim from another officer's use of excessive force, but "an officer is only liable if there is a realistic

---

[2] The Commonwealth Defendants also argue that Defendants Eckard and Eberling are entitled to qualified immunity. (Doc. No. 21 at 17.) However, as the Third Circuit has warned "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Newland v. Reehorst, 328 F. App'x 788, 791 n.3 (3d Cir. 2009). Accordingly, the Court will deny the Commonwealth Defendant's qualified immunity defense without prejudice to the argument being re-raised in a later motion for summary judgment.

and reasonable opportunity to intervene." Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002).

Here, Plaintiff has failed to properly state an Eighth Amendment failure to protect claim against Defendants Eckard and Eberling. Most notably, Plaintiff has not averred that Defendant Eckard was in the vicinity when the alleged excessive force incident occurred, rendering Defendant Eckard without a realistic opportunity to intervene. Also, the only allegation imputing Defendant Eberling to this event was that he arrived after Plaintiff was already being restrained on the ground. (Doc. No. 1 at 3.) Accordingly, the Court finds that Defendant Eberling was without a realistic opportunity to intervene. Consequently, this claim will be dismissed.

### C. Plaintiff's Due Process Claim against Defendant Himes

Commonwealth Defendants next seek judgment on the pleadings as to Plaintiff's due process claim against Defendant Himes. (Doc. No. 21 at 19.) The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures

10

constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court shifted the focus of the liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. The Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. Accordingly, the Court, focusing on the nature of the punishment instead of on the words of any regulation, held that the procedural protections in Wolff v. McDonnell, 418 U.S. 539 (1974),[3] were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, 515 U.S. at 486. For a prisoner, such a deprivation occurs when

---

[3] In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. However, the Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative …; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

11

the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Courts within this Circuit, applying Sandin in various actions, have found no merit in procedural due process claims regarding institutional disciplinary hearings which result in disciplinary custody placement. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); Mensinger, 293 F.3d at 645, 654 (seven (7) months of disciplinary confinement did not implicate liberty interest); Vorhauer v. Conrad, No. 90-cv-2196 (M.D. Pa. Jan. 29, 1997) (inmate's confinement in disciplinary custody for ninety days in accordance with Department of Corrections procedures did not give rise to a protected liberty interest); Proctor v. Grafffus, No. 16-cv-1666, 2018 WL 1334989, at *5 (M.D. Pa. Mar. 15, 2018).

Here, as a result of the complained of disciplinary hearing, Plaintiff was sanctioned to ninety (90) days in disciplinary confinement. (Doc. No. 19-4.) Under Third Circuit precedent, this sanction does not constitute the requisite atypical and significant hardship to implicate a liberty interest to trigger due process protections. See, e.g., Mensinger, 293 F.3d at 654 (holding that seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin"). Consequently, the Commonwealth Defendants'

12

motion for judgment on the pleadings as to Plaintiff's due process claim will be granted.[4]

### D.    Plaintiff's Motion for Relief Pursuant to Rule 60(b)(3)

With regard to Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3), Plaintiff requests that the Court deny Defendants' motion to stay discovery because Defendants failed to timely serve him with a copy of their motion. (Doc. No. 38.) Because Plaintiff has failed to file a brief in support of his motion in accordance with Local Rule 7.5, the Court deems Plaintiff's motion withdrawn. Additionally, even if the Court were to address the merits of Plaintiff's motion, the Court does not find that Defendants' actions in sending Plaintiff a copy of their motion to stay discovery and brief in support a day after filing the same, constitutes fraud, misrepresentation, or misconduct by an opposing party as set

---

[4] The Commonwealth Defendants also argue that to the extent that Plaintiff alleges a conspiracy claim against Himes, the same fails as a matter of law. The Court agrees and finds that Plaintiff's bare conclusory allegation that Himes conspired to cover up Defendants Sparr and Goughnour's use of excessive force (Doc. No. 1 at 7), is inadequate to state a cognizable conspiracy claim. See Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F.2d 722 (3d Cir. 1992), cert. denied 510 U.S. 829 (1993). "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives. Bare conclusory allegations of 'conspiracy' … will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Id. at 928.
   Plaintiff does not specify any role or agreement of Defendants in the alleged conspiracy against Plaintiff. He does not make specific factual allegations of an agreement, combination or understanding among the Defendants to plot, plan, or conspire to carry out the alleged chain of events that have led to the alleged violation of Plaintiff's rights. Accordingly, this claim will be dismissed and Defendant Himes will be dismissed from this action.

forth in Rule 60(b)(3).  Moreover, the Court discerns no prejudice to either party by staying the discovery deadline pending disposition of the dispositive motion.

However, given that this Memorandum disposes of the motion for judgment on the pleadings, the Court will lift the stay of discovery.  The discovery deadline will be enlarged to September 2, 2018 and dispositive motions shall be filed within thirty days from the date of the close of discovery.

## IV. CONCLUSION

For the foregoing reasons, the Commonwealth Defendants' motion for judgment on the pleadings (Doc. No. 20), is granted in part and denied in part.  It is denied as to Plaintiff's excessive force claim and failure to train and supervise claims.  It is granted as to Plaintiff's failure to protect claim, due process claim and conspiracy claim.  Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3) (Doc. No. 38), is deemed withdrawn.  The discovery deadline is enlarged to September 2, 2018 and dispositive motions shall be filed within thirty days from the close of discovery.  An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 8, 2018