**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY ALLEN,** | : | **Civil No. 1:17-CV-996** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **J.A. ECKARD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

## I.    Introduction

This civil action was initiated on June 8, 2017 by the *pro se* plaintiff, Anthony Allen, who is an inmate currently incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Pine Grove. Allen brings his claims against several correctional and medical staff at SCI Huntingdon, alleging claims of excessive force, supervisory liability, conspiracy, and deliberate indifference to his medical needs.

On May 8, 2018, this court granted, in part, the defendants' motion for judgment on the pleadings. (Docs. 39, 40). The plaintiff's failure to protect claim against Defendants Eckard and Eberling were dismissed, as well as the due process and conspiracy claims asserted against Defendant Hines. (Id,) Thus, Allen's

remaining claims consist of an excessive force claim, a failure to train and supervise claim, and a deliberate indifference claim.

On September 10, 2018, Allen filed the instant motion to compel production of documents. (Doc. 44). The motion has been fully briefed, and for the reasons that follow, the motion will be denied. In short, Allen has not demonstrated that the defendants improperly withheld responsive materials, and the defendants have made a compelling showing that their responses have been adequate and have balanced Allen's interest in receiving relevant, responsive information with the DOC's interest in not needlessly disclosing sensitive materials that implicate important institutional security interests, or otherwise responding more fulsomely to discovery requests that seek information that is irrelevant to the claims in this case, or which are unduly burdensome. Accordingly, the motion to compel will be denied.

## II.  Standard of Review

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Fed. R Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). In this case, Allen is seeking to compel further responses to document requests that he has propounded in support of his claims.

Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action and prescribes certain limits to that discovery. That rule, which was most recently amended as of December 1, 2015, now provides as follows:

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401).

Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); see also Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Although decisions relating to the scope of discovery rest with the discretion of the district court, that discretion is nevertheless

limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege." Robinson, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

"A party moving to compel bears the initial burden of showing the relevance of the requested information." Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. Robinson, No. 14-227, 2016 WL 4678340, at *2.

## III. Discussion

Allen's motion to compel production contests several of the defendants' responses to his requests for production of documents. Specifically, he claims that the defendants have not produced: (1) his medical records from June 2015-June 2016; (2) personnel files of Defendants Sparr and Goughnour, including grievances filed against them by other inmates; (3) copies of all logs, memoranda, notes, and

4

other documents "related to activities occurring on G block" for a period of two months; (4) a diagram or floor plan of G block; and (5) copies of any and all prison directives or policies related to a host of prison policies, including inmate security classifications, requests for protective custody or separation, and investigatory policies on staff-to-inmate violence, among others. (Doc. 49, at 2-3).

At the outset, we note that the defendants have produced much of the information Allen seeks in these requests. In their supplemental responses to the plaintiff's requests, the defendants produced: non-confidential portions of Sparr's and Goughnor's personnel files, as well as grievances that the plaintiff had filed against them and the total number of grievances filed against these defendants (Doc. 51-4, at 6, 15; Doc. 51-5, at 4), and the Extraordinary Occurrence Report dated June 30, 2015 and the accompanying video footage of the incident related to this litigation. (Doc. 51-4, at 7). Additionally, the defendants responded that the prison's policies were available in the law library for Allen to copy. (Id., at 12). Finally, the defendants noted that Allen could request copies of his medical records by way of an inmate request to the DOC, an avenue that Allen in fact pursued on July 3 and August 23, 2018. (Doc. 45, at 12-13). Thus, the only documents that the defendants have refused to produce are any grievances filed against the defendants by other inmates, as well as a floor plan diagram of G block, for security and privacy reasons. (Doc. 51-4, at 6, 8).

With respect to Allen's request for a floor plan or diagram of the cell block in the RHU, we agree with the defendants that disclosure of this kind of document poses a great security risk that outweighs any potential relevance to the plaintiff's case. On this score, many courts have emphasized the security risks that are apparent from an inmate-plaintiff possessing a floorplan or diagram of the inside of a prison. See e.g., Coleman v. Danforth, 2017 WL 5490918, at *4-5 (S.D. Ga. Nov. 15, 2017) (denying a motion to compel and finding "valid concern[s] regarding the security implications of providing prison schematics to inmates"); Gilmore v. Lockard, 2017 WL 678278, at *4 (E.D. Cal. Feb. 16, 2017) (denying a motion *in limine* and recognizing "the potential dangers associated with inmates possessing photographs and diagrams of a particular prison"); Casey v. Pallito, 2016 WL 96157, at *6 (D. Vt. Jan. 7, 2016) (denying a motion to compel because "[t]he disclosure of materials revealing the layout of [the prison] would pose security risks"); Scott v. Palmer, 20145 WL 1637781, at *4 (E.D. Cal. April 13, 2015) ("Plaintiff's needs for documents, diagrams or photographs as evidence . . . outweighs neither the burden and expense associated with seeking responsive documents, diagrams or photographs . . . nor the security risk associated with the possession of such physical prison layout details by inmates"). Thus, the plaintiff's motion to compel a diagram or floorplan of the G Block of the RHU is denied.

Allen has also requested copies of grievances filed by other inmates against the defendants. Specifically, he requests "grievances filed by both inmates and employees" against Defendants Goughnour and Sparr (Doc. 51-1, at 4), as well as "inmate or other staff complaints" against any of the named defendants. (Id., at 5). These are precisely the kinds of sweeping, generalized and overly broad discovery requests judges in the Middle District of Pennsylvania have rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff. See, e.g., Montanez v. Tritt, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues.") (Mariani, J.); Lofton v. Wetzel, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) (Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best."); Sloan v. Murray, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned

other inmates, citing DOC policy prohibiting inmates from receiving information about one another); Torres v. Clark, Civ. No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) (Caldwell, J.) (denying motion to compel inmate request for discovery of 27-months of grievances about a specific cell block, finding it to be overly broad, burdensome, and potentially implicating privacy interests of other inmates); McDowell v. Litz, Civ. No. 1:CV-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) (Rambo, J.) (finding requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and agreeing with the defendants' "concerns about accessing private information with respect to other inmates' grievances."); Callaham v. Mataloni, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at *3-4 (M.D. Pa. May 14, 2009) (Jones, J.) (denying motion to compel, inter alia, grievances relating to medical treatment of other inmates, citing privacy concerns); cf. Banks v. Beard, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (denying motion to compel account statements for other inmates despite plaintiff's claim of relevance).

In keeping with these decisions, the Court finds that Allen's request for discovery of other grievance information is overly broad, since it seeks discovery of complaints of any nature, involving any subject matter, filed by non-party inmates or staff against the defendants. The discovery request is of questionable relevance, is unbounded temporally or by subject, and is plainly burdensome and overly broad,

and implicates important privacy interests. Accordingly, the motion to compel further production of grievances and complaints filed by inmates or staff will be denied.

Finally, we note that Allen's request for all logs, memoranda, notes, and other documents "related to activities occurring on G block" for a period of two months is similarly of questionable relevance, is unbounded by subject, and is overly broad and burdensome. Additionally, while the defendants objected to this request on the basis that it is ambiguous and overly broad and burdensome, the defendants have produced a redacted copy of the Extraordinary Occurrence Report dated June 30, 2015 related to the plaintiff and this litigation along with the relevant video footage. (Doc. 51-4, at 7). Thus, the plaintiff's motion to compel documents related to this request is denied.

## IV.    Order

AND NOW, this 8th day of March 2019, it is hereby ORDERED that the plaintiff's motion to compel (Doc. 44) is DENIED.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge